THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RANDY BRYANT WICK,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | CV 17-00096-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Randy Wick's Motion to Proceed in Forma Pauperis (Doc. 1) and proposed Complaint (Doc. 2) alleging the State of Montana violated his Fourteenth Amendment due process rights when the Montana Supreme Court denied his motion for appointment of counsel. The motion to proceed in forma pauperis will be granted but the Complaint fails to state a claim upon which relief may be granted and fails to name a proper defendant. This matter should be dismissed.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Wick must pay the statutory filing fee of $350.00. Mr. Wick submitted an account statement showing average monthly deposits of $54.12 over the six-month period immediately preceding the

1

filing of his Complaint (February 1, 2017 - August 4, 2017). (Doc. 1-1.) Therefore, an initial partial filing fee of $10.82 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Mr. Wick to collect the initial partial filing fee from Mr. Wick's account and forward it to the Clerk of Court.

Mr. Wick will be required to pay the remainder of the fee in installments by making monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Wick must make these monthly payments simultaneously with the payments required in any other cases he has filed. *Bruce v. Samuels*, __ U.S. __, 136 S.Ct 627, 629 (2016). By separate order, the Court will direct the facility where Mr. Wick is held to forward payments from Mr. Wick's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Because Mr. Wick is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b)

and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine

3

whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

Mr. Wick failed to name a proper Defendant and his claims are barred by the *Rooker Feldman* doctrine and the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). According to an April 11, 2017 Order filed in *State of Montana v. Randy Bryant Wick*, DA 17-0185 (Montana Supreme Court), Mr. Wick moved for the appointment of counsel in his appeal of a district court's order denying his motion to withdraw his guilty plea. The Montana Supreme Court denied the motion finding that Mr. Wick was not entitled to appointment of counsel in a post conviction matter and he had not demonstrated the extraordinary circumstances to justify the appointment of counsel. *Id.*

#### 1. State of Montana

The Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto*

5

*Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Thus, the State of Montana has Eleventh Amendment immunity from suit in federal court. In addition, States are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989). The State of Montana should be dismissed.

### 2. *Rooker Feldman*

To the extent Mr. Wick could name a proper party (which is unclear in this case), it appears that he is attempting to appeal the April 11, 2017 decision of the Montana Supreme Court which he cannot do so in this Court. Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). As courts of original jurisdiction, federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) (holding that the district court lacked jurisdiction over challenge to District of Columbia court's denial of petitions for waiver from bar admission requirements); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Only

the U.S. Supreme Court has jurisdiction to engage in such review. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 482.

The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Mr. Wick is seeking to appeal an order issued by the Montana Supreme Court seeking review and rejection of decisions issued prior to commencement of this action. Mr. Wick's claims are barred by the *Rooker-Feldman* doctrine. This Court does not have jurisdiction over an appeal of any state court judgment.

### 3. *Heck v. Humphrey*

In addition, to the extent that Mr. Wick seeks to challenge his criminal conviction, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Mr. Wick's rights were violated during his criminal proceedings would necessarily imply the invalidity of that conviction. As Mr. Wick's conviction has not been reversed, declared invalid, expunged, or called into question, his claims are barred by *Heck*. This is not a defect which could be cured by amendment.

## II. CONCLUSION

Mr. Wick failed to name a proper Defendant and his claims are barred by the *Rooker Feldman* doctrine and the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). These are not defects which could be cured by amendment.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on October 6, 2017.

Further the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for the reasons set forth above.

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wick may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of October, 2017.

                                              */s/ John Johnston*
                                              John Johnston
                                              United States Magistrate Judge

---

under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Wick is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.